# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| PAMELA G. CHAPMAN, | ) |
| Claimant, | ) |
| vs. | ) Case No. CV-10-S-3227-E |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Claimant, Pamela Chapman, commenced this action on November 24, 2010, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered the medical evidence of record and that the ALJ erred by failing to consider her adjustment disorder as a severe impairment. Upon review of the record, the court concludes that these contentions are without merit.

Claimant first argues that the ALJ improperly considered the opinion of Dr. Robert A. Storjohann, a clinical psychologist who examined claimant on November 18, 2008 at the request of claimant's attorney. Upon clinical examination and administration of psychological testing, Dr. Storjohann assessed claimant with chronic major depression, generalized anxiety disorder, borderline intellectual functioning, dependent personality disorder, and schizoid personality disorder. He assigned a GAF score of 45, indicating severe symptoms. He also stated that claimant would have moderate deficits in her ability to understand, carry out, and remember instructions in a work setting, and marked deficits in her ability to respond appropriately to supervision, coworkers, and work pressures in a work setting. Claimant's prognosis was "quite poor," and Dr. Storjohann stated that she needed mental health treatment.[1]  On a supplemental questionnaire, Dr. Storjohann indicated

---

[1] Tr. 274-79.

2

that claimant would experience moderate impairment of her ability to relate to others, moderate to moderately severe restriction of daily activities, moderate deterioration in personal habits, moderate to moderately severe constriction of interests, moderate impairment of ability to understand, carry out, and remember instructions, moderately severe impairment of ability to respond appropriately to supervision, moderately severe impairment of ability to respond appropriately to co-workers, moderately severe impairment of ability to respond to customary work pressures, moderate impairment of ability to perform simple tasks, and moderately severe impairment of ability to perform complex, repetitive, and varied tasks. Based on those impairments, claimant would never be able to return to gainful employment.[2] Dr. Storjohann also completed an Affective Disorders Questionnaire, on which he indicated that claimant experienced depressive disorder characterized by anhedonia or pervasive loss of interest in almost all activities, appetite disturbance with change in weight, sleep disturbance, psychomotor agitation or retardation, decreased energy, feelings of guilt or worthlessness, and thoughts of suicide. As a result, claimant would have marked restriction of activities of daily living, marked difficulties in maintaining social functioning, and marked difficulties in maintaining concentration, persistence, or pace.[3]

---

[2]Tr. 282-83.
[3]Tr. 284-85.

The ALJ discussed Dr. Storjohann's findings in great detail,[4] but nonetheless gave those findings little weight.[5]  The ALJ gave a detailed explanation of his decision to afford only little weight to Dr. Storjohann's findings, and it will be helpful to reiterate that explanation in full here:

> Dr. Storjohann concluded that the claimant was not able to return to gainful employment . . . .  Social Security Regulations and Social Security Ruling 96-2p provide that I must consider the opinions of physicians/psychologists of record and that controlling weight must be given to the medical opinion of a treating physician/psychologist if it is well-supported by medical evidence and if it is not inconsistent with other substantial evidence.  As stated above, I find that the claimant can perform a range of work activity notwithstanding her impairments.  Dr. Storjohann states that the claimant cannot return to gainful employment.  This opinion is a finding of fact reserved to the Commissioner (Social Security Ruling 96-6p).  As part of my rationale for rejection of this evaluation, I note that Dr. Storjohann met the claimant on one occasion.  The doctor's report appears to contain inconsistencies and the doctor's opinion is accordingly rendered less persuasive.  While he has concluded that the claimant is unable to return to gainful employment, Dr. Storjohann has also stated that the claimant is able to make acceptable work decisions and able to manage her own financial affairs.  While he has concluded that the claimant's depressive syndrome is characterized by difficulties in maintaining concentration, persistence, or pace, Dr. Storjohann has also stated that the claimant put forth good effort during the testing portion of the evaluation and the testing results appeared to represent an accurate appraisal of her current abilities.  While he has concluded that the claimant appeared to have moderate deficits in her ability to remember instructions in a work setting, Dr. Storjohann has also stated that the claimant's recent and remote memory was intact and her thoughts were without confusion.  While he has concluded that the claimant's depressive syndrome was characterized by

---

[4]Tr. 19-22.
[5]Tr. 25.

appetite disturbance with change in weight, the medical record actually reflects that the claimant weighed 184 pounds on November 6, 2007 and 185 pounds on February 10, 2010. The medical evidence of record also shows that Dr. Storjohann assigned a GAF score of 45 on November 18, 2008, which represents serious symptoms. The doctor's report however appears to contain numerous inconsistencies as noted above and his opinions contrast sharply with the other evidence of record. In this regard, I note that Dr. Arnold assigned a GAF score of 60 on September 17, 2008, which represents at the most moderate symptoms, as it is only one point away from indicating "mild" symptoms.

It is emphasized that claimant underwent the examination that formed the basis of the opinions in question not in an attempt to seek treatment for symptoms, but, rather, through attorney referral and in connection with an effort to generate evidence for the current appeal. Further Dr. Storjohann was presumably paid for the report. Although such evidence is certainly legitimate and deserves due consideration, the context in which it was produced cannot be entirely ignored. However, primarily in view of the elevated "F" scales generated during the MMPI, and also based on the medical expert testimony of Dr. Garner and my own review of the *Diagnostic and Statistical Manual of Mental Disorders,* I find that the diagnoses and conclusions by Dr. Storjohann are inconsistent and not credible and I reject them as they pertain to the mental RFC for the same reasons.[6]

The ALJ's decision to reject Dr. Storjohann's assessments was in accordance with applicable law and supported by substantial evidence. First of all, Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by

---

[6]Tr. 25-26.

medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments."). The ALJ's decision was in accordance with the Regulation and case law, as the ALJ considered whether Dr. Storjohann's assessments were supported by the record and consistent with other medical evidence. Contrary to claimant's argument, the ALJ was not required to give greater weight to Dr. Storjohann's opinion, as an examining source, than to the opinions of the medical expert who testified at the hearing and the state agency physician, neither of whom treated or examined claimant. Whether a medical source has actually examined or treated the claimant is not the only factor to be considered; instead, as set forth above, the court should also consider the supportability of the medical source's opinion and its consistency with the other evidence of record.[7] The ALJ properly weighed *all* of the relevant factors, and his decision was supported by

---

[7] Furthermore, the opinions of state agency physicians are entitled to substantial consideration. *See* 20 C.F.R. §§ 404.1527(f)(2)(i) & 416.927(f)(2)(i) (stating that, while the ALJ is not bound by the findings of a State Agency physician, the ALJ should consider such a physician to be both "highly qualified" and an "expert" in Social Security disability evaluation). *See also Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981) (:The Secretary was justified in accepting the opinion of Dr. Gordon, a qualified reviewing physician, that was supported by the evidence, and in rejecting the conclusory statement of Dr. Harris, a treating physician, that was contrary to the evidence.").

substantial evidence.

Claimant also argues that the ALJ erred in failing to consider her adjustment disorder to be a severe impairment. The ALJ acknowledged claimant's adjustment disorder, but did not find it to be "severe" because claimant did not have a *current* mental health diagnosis, and she was not receiving any mental health treatment. That finding is in accordance with applicable law and supported by substantial evidence. Social Security regulations define a "severe" impairment as one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The ALJ determined (rightfully, as discussed above) that claimant's mental impairments did not cause any significant functional limitations.

In accordance with all of the foregoing, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 26th day of September, 2011.

_____
United States District Judge